IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ERNEST A. ADKINS, #189 166,          )
    Plaintiff,                    )
                                     )
v.                                   )     CIVIL ACTION NO. 2:13-CV-37-TMH
                                     )                [WO]
ALABAMA DEPARTMENT OF                )
CORRECTIONS, *et al.*,               )
                                     )
    Defendants.                   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility located in Mt. Meigs, Alabama,  files this 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the named Defendants.  Plaintiff names as defendants the Alabama Department of Corrections, Warden Frank Albright, Alabama Correctional Industries, Andy Farquhar, the Kilby Print Shop, and David Freeman.   Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Alabama Department of Corrections, Alabama Correctional Industries, and the Kilby Print Shop prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

The Alabama Department of  Corrections and  Alabama Correctional Industries, which includes the graphics and print shop at the Kilby Correctional Facility, are not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Alabama Department of Corrections,  Alabama Correctional Industries, and the Kilby Print Shop are due to be dismissed.  *Id.  See* 28 U.S.C. § 1915(e)(2)(B).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's claims against the Alabama Department of Corrections, Alabama Correctional Industries, and the Kilby Print Shop be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B);

2.  The Alabama Department of Corrections,  Alabama Correctional Industries, and the Kilby Print Shop  be DISMISSED as parties to the complaint; and

3.   This case  with respect to the  remaining defendants be referred back to the undersigned for additional proceedings.

 It is further

ORDERED that **on or before April 17, 2013**, Plaintiff may  file an objection to the

2

Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of April, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

3