IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERNEST A. ADKINS, AIS #189166, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:13-CV-37-WHA |
| ) | (WO) |
| FRANK ALBRIGHT, WARDEN, *et al.* ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, a state inmate, was injured while working at the Kilby Correctional Facility Print Plant. As is common with inmate, pro se complaints, his filings are not a model of clarity, but the court has endeavored to wrench from his writings the possible basis for each of his claims which will be discussed seriatim. The defendants are Frank Albright, the warden of Kilby; Andy Farquhar, Director of Alabama Correctional Industries; and David Freeman, plant manager of the Print Plant. The court has jurisdiction over Adkins' claims pursuant to its federal question jurisdiction. 28 U.S.C. § 1331.

The defendants filed an answer, special reports and supporting evidentiary materials, including affidavits, certified medical records, and policies/procedures, addressing the plaintiff's claims for relief. The court thereafter informed the plaintiff that the defendants' special reports may, at a future time, be treated as a motion for summary judgment and explained to the plaintiff the proper manner in which to respond

to a motion for summary judgment, and the plaintiff has responded to the defendants' reports.

Pursuant to the court's procedural orders, the court deems it appropriate to treat the defendants' reports as a motion for summary judgment. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof, the sworn complaint, the plaintiff's sworn responses to the reports and relevant affidavits, the court concludes that the defendants' motion for summary judgment is due to be granted.

## THE SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][1] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the

---

[1] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must be support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d

at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting her claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the

absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to her case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will

...

preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v.*

*Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## DISCUSSION[2]

Adkins was initially assigned to the Print Plant accounting department in 2006. After a disagreement with another inmate, Adkins was assigned by Freeman to another department, and in 2010 Adkins was assigned to the shipping department. Adkins alleges that in 2011 he injured his back while picking up a heavy object; that injury prompted this lawsuit.

**The OSHA Claim.** Adkins appears to claim that the defendants operated the Print Plant in violation of the federal Occupational Safety and Health Act. Adkins cannot state a claim under the Occupational Safety and Health Act of 1970, § 19(a), 29 U.S.C.A. § 668(a) (OSHA) because that statute affords him no private right of action. *Am. Fed. Of Gov't Employees, AFL–CIO v. Rumsfeld*, 321 F.3d 139, 144–45 (D.C.Cir.2003); *Elliott v. S.D. Warren Co.,* 134 F.3d 1, 4 (1st Cir.1998)*; Mason v. Ashland Exploration, Inc.*, 965 F.2d 1421, 1425 (7th Cir.1992); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976–77 (5th Cir.1975).

---

[2]The defendants argue that Adkins' claims concerning incidents occurring prior to January 17, 2011, are barred by the two year statute of limitations applicable to his 42 U.S.C. § 1983 claims. Defendants Farquar and Albright also contend that Adkins has failed to show that they were in any way involved in the incidents about which Adkins complains. The court pretermits consideration of these contentions because Adkins' claims fail on the merits.

**The ADA Claim.** Like his other claims, Adkins' disability claim is decidedly unclear, but it appears to the court that Adkins seeks to bring a Title II discrimination claim. The ADA does apply to correctional institutions. *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1998). Subchapter II of the ADA bars discrimination by any state or local government entity (that is, discrimination in public services) and affords the remedies outlined in Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. *See* 42 U.S.C. §§ 12131-12165. Generally, to establish a prima facie case of disability discrimination under the ADA, a plaintiff must show that: (1) he is disabled; (2) he was a qualified individual at the relevant time; and (3) he was discriminated against because of his disability. *Wood v. Green*, 323 F.3d 1309, 1312 (11th Cir.2003). A plaintiff bringing a disparate-treatment claim under the ADA must allege that the disability actually motivated the employment decision. *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003). Thus, Adkins' claim founders on the third prong of the prima facie case because he neither alleges discrimination on the basis of any disability he has nor does he offer any proof that any action taken by any defendant was because of or motivated by any disability he may have.

**Job Change Claim.** To the extent that Adkins complains about his prison job being changed, his claim likewise fails. He has no right to a particular prison job. *Adams v. James*, 784 F.2d 1077 (11th Cir. 1987).

**Deliberate Indifference Claim.** Finally, the court comes to the last potential

claim which may be gleaned from Adkins' submissions.  This is an Eighth Amendment claim that his injury was caused by the defendants deliberate indifference to potential harm arising from his assignment to the shipping department where he was required to perform heavy lifting.  If prison officials knowingly put an inmate on a work detail which they know can significantly aggravate his serious physical ailment such a decision would constitute deliberate indifference to serious medical needs.  *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989).  Adkins insists that the manager of the print plant, Mr. Freeman, knew that Adkins had back problems when Adkins was assigned to the shipping department.  Adkins states that he "was told to do quality control and to fill in as needed. This included shrink wrapping moving cases, loading palattes, loading and unloading trucks and vans." (doc. # 32 at 5)  In his affidavit, Freeman states that at no time was Adkins asked to pick up or move anything heavier than  . . .  a maximum of five pounds." (doc. # 20-1 at 2) Even if this is a dispute of fact, it does not preclude summary judgment. Adkins alleges he injured his back on April 1, 2011.  Adkins medical file reflects no physician order restricting him from lifting until April 4, 2011. (doc. # 20-5 at 1) Adkins has offered no evidence that Freeman or any other person involved with Adkins' job assignments *knew* that the assignment of him to the shipping department would expose him to a serious threat of harm.  While the record does show that Freeman was aware that Adkins had a back problem, the evidence before the court falls far short of demonstrating the degree of  "deliberate indifference" to Adkins' health or safety because he knew that

9

Adkins' faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion for summary judgment be granted and that this case be dismissed with prejudice, costs to be taxed against the plaintiff. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 4, 2016**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 21st day of January, 2016.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE